By the Court.

The principal objection urged against the plain tiff’s recovery, in this case, arose out of the provisions of the act incorporating the Union Marine and Fire Insurance Company, by which it was required that their capital stock should, within six months after payment, be invested in the funded debt of the United States, or of this commonwealth, or in the stock of some incorporated banking company. From the facts in the case agreed, it appears that, instead of such investment, the company received of the several stockholders their respective promissory notes, with collateral security for the payment thereof; that they, from time to *378 time, renewed such notes, either partially or in the whole; and that the note, of which payment is sought in this action, was given for a balance of * instalments due .from the defendant, as one of the stockholders. And it has been argued that this conduct of the company was such a contravention of their duty, as will avoid the note in question.
Whether, for this misbehavior of the corporation, the government might not seize their franchises, upon due process, is a question not now before us.
It is, however, a sufficient answer to the objection, that it does not lie in the mouth of a stockholder for this cause to avoid his contract, which, as between him and the company, was made on a sufficient consideration, (a)
Another objection was made to the plaintiff’s recovery, on the ground that no sufficient transfer of the note had been made to him ; and it was urged that he had not a sufficient legal possession to entitle him to judgment in his own name. This objection has very little weight in it. As the plaintiff came to the possession of the note, endorsed in blank, fairly and without fraud, it is in his power to give to the defendant a good and legal discharge. Upon the whole, it is our opinion, on the facts before us, that the plaintiff is entitled to judgment. Therefore let the defendant be called.

Defendant defaulted.

 Spear vs. Crawford, 14 Wend 20. — Ed ]