## Seth S. Fairfield *versus* Edwin Adams.

The declaration in an action brought in this county against the acceptor of a draft, averred that it was made at Boston; but it did not appear by the draft itself where it was made. It was *held*, that this was not a variance.

But if the plaintiff in such case claims damages, the place where the draft was drawn, becomes material, and must be set forth truly in the declaration and proved accordingly.

Where a bill of exchange is indorsed to " S. S. F., Cashier," he may maintain an action upon the bill in his own name, notwithstanding he may be obliged to account for the proceeds to the bank of which he is cashier.

Assumpsit by the plaintiff, as indorsee, against the acceptor of the following draft : " Edwin Adams Esq. Boston. Sir, value received, pay John Spring Esq. or his order, twenty-one hundred dollars in thirty days from the date hereof, on account of logs purchased for you. May 25, 1833. Samuel Hodgdon." The note was indorsed in blank by the payee.

The declaration averred, that the draft was made at Boston.

At the trial, before *Wilde* J., the plaintiff produced the draft in evidence, and the blank in the indorsement was filled up by the insertion of the words, " Pay to Seth S. Fairfield, Cashier."

The defendant objected to the admission of the draft in evidence, on the ground of variance, it not being stated in the draft itself where it was made. This objection was overruled. The defendant then called as a witness M. S. Parker, the cashier of the Suffolk Bank, who testified, that the draft was received by him, in a few days after its date, inclosed in a letter from the plaintiff, requesting him to collect it, and pass it to the account of " S. S. Fairfield, Cashier " ; that the plaintiff was cashier of the Manufacturers' Bank at Saco, at which bank the letter was dated ; that the draft not being paid at its maturity, it was returned to the plaintiff; that if it had been paid, it would have been passed to the credit of the plaintiff, as requested in the letter ; and that the Suffolk Bank had no account with the Manufacturers' Bank, except the account with the plaintiff.

The defendant was defaulted, and the following questions were reserved for the consideration of the whole Court :

Fairfield
v.
Adams.

1. Whether the draft was not inadmissible in evidence under the declaration, on account of the alleged variance ;

2. Whether the action could be maintained by the plaintiff under the facts proved.

If the Court should be of opinion for the defendant upon either of the points, the default was to be taken off, and a new trial granted ; otherwise, judgment was to be entered for the plaintiff on the default.

*March 21st.* S. D. Parker, for the defendant, to the point, that the place where the draft was drawn should have been truly set forth in the declaration, as it might be material in regard to the damages, cited *Alder* v. *Griner*, 13 Johns. R. 450 ; *Munroe* v. *Cooper*, 5 Pick. 412 ; to the point, that if the draft belonged to the Manufacturers' Bank, the action could not be maintained in the name of the plaintiff, *Thatcher* v *Winslow*, 5 Mason, 58 ; *Gunn* v. *Cantine*, 10 Johns. R. 387 ; *Gilmore* v. *Pope*, 5 Mass. R. 491 ; *Pigott* v. *Thompson*, 3 Bos. & Pul. 147 ; *Wilson* v. *Holmes*, 5 Mass. R. 543 ; *Rice* v. *Stearns*, 3 Mass. R. 225 ; *Hartford Bank* v. *Barru* 17 Mass. R. 94 ; *Barker* v. *Prentiss*, 6 Mass. R. 430.

*A. W. Fuller*, for the plaintiff, cited as to the second point, *Little* v. *O'Brien*, 9 Mass. R. 423 ; *Peacock* v. *Rhodes*, 2 Dougl. 633 ; *Brigham* v. *Marean*, 7 Pick. 40 ; *Lovell* v. *Evertson*, 11 Johns. R. 52.

*March 30th.* SHAW C. J. delivered the opinion of the Court. There is no ground for the objection of variance between the bill of exchange given in evidence and that set forth in the plaintiff's declaration. It happens, that the bill bears no date of place. There is therefore no variance in this respect between the bill and count. Had it in fact been dated at Saco, where it was probably drawn, it would have been proper to follow the usual formula, of alleging it to be drawn at Saco, to wit, at Boston, the former, to avoid the very exception now taken, of variance between the allegation and the proof, and the latter, to give a *venue.* It is a plain rule of pleading, that every material and traversable fact must be laid within the county, and yet that written contracts must be described according to the truth ; and this simple fiction was invented to reconcile the two requisites, when the written instrument is in fact dated at

a place out of the county.  As to the consideration, that the    Fairfield
s.atute gives damages on inland bills of exchange, varying at     *v.*
different distances, in consequence of which the place of         Adams.
drawing becomes material, it may be remarked, that when the
plaintiff relies on this statute and goes for damages, he must
declare truly as to the place where the draft was drawn, and
prove it accordingly.  Here he declares on it, as made in
Boston, and can claim no damages.

On the other point, the Court are all of opinion, that the
plaintiff is entitled to recover, and that it would be injurious
to the credit of negotiable securities, to express a doubt on
the subject.  The bill accepted by the defendant, is indorsed
in blank, by the payee, and delivered to and produced by the
plaintiff, and it is filled up at the trial, so as to make it gene-
rally payable to the plaintiff.  This vests the legal title in the
plaintiff, and it is no ground of defence, that the beneficial
interest is in another, or that the plaintiff, when he recovers,
will be bound to account for the proceeds to another.  *Little*
*v. O'Brien,* 9 Mass. R. 423 ; *Brigham* v. *Marean,* 7 Pick. 40
                    *Judgment on the default.*