### BRERETON *vs.* HULL.

A discharge under the late bankrupt act of the United States, when pleaded in bar to an action for a prior indebtedness, may be impeached and avoided on account of preferences among creditors, and of payments and transfers of property in contemplation of bankruptcy, forbidden by the second section of the act.

A replication to a plea of a discharge under the bankrupt act must state what particular act of fraud the defendant has committed; and where it set forth that he had made payment *or* agreements *or* transfers of property to creditors, sureties or endorsers, it was held for that reason insufficient.

Such replication must also contain a description of the property alleged to have been transferred, as to kind and quantity, and to whom it was conveyed; and in case of unlawful preferences, what creditors were preferred, in order that the defendant may be fairly apprised of the proof he is to meet on the trial. But if the property was sold at auction or in small quantities, the names of all the purchasers need not be stated; but then the reason for the omission must be given in the pleading.

Where the allegation in the replication is wilful concealment of the debtor's property, and some articles are sufficiently described, the replication will not be bad for adding " and other property of considerable value."

Where the charge in the replication is wilful concealment of the debtor's property, it must state how and in what manner the concealment was effected and in what stage of the proceedings it occurred, as that he omitted it in his inventory, or withheld the knowledge of it from the court or a commissioner when examined under the act, or secreted it from the assignee.

DECLARATION in assumpsit, common counts. *Pleas*, 1, non-assumpsit; and 2, a discharge as a voluntary bankrupt by the district court of the U. S. for the southern district of New York.

The petition was presented on the 14th of February, 1842, and the discharge granted on the 16th of · September following. *Replication* to second plea, that the defendant in his proceedings under the bankrupt act was guilty of fraud under said act, and of wilful concealment of his property, against its express provisions and in direct violation thereof, (1.) in having, after the passage of said act, made payments or agreements, conveyances or transfers of property in contemplation of bankruptcy for the purpose of giving creditors, sureties, or endorsers of said defendant, or some other person, a preference or priority over the general creditors of said defendant ; (2.) and in having made payments, conveyances, and transfers of property and certain merchandize, to wit, three dozen iron mortars and pestles, three barrels of turpentine, and a large quantity of pills and ·patent medicines, on or about the 9th day of February, 1842, and at other times, after the passage of said act, in contemplation of bankruptcy, to persons not *bona fide* creditors, or purchasers for valuable consideration without notice ; (3.) in concealing his property, or right of property, in a library of books and other property of considerable value, and in certain articles of merchandize of considerable value then in the house 95 Liberty street in the city of New-York, to wit, three dozen iron mortars and pestles, three barrels of turpentine, and a large quantity of pills and patent medicines. Verification, &c. Demurrer and joinder.

*S. F. Cowdrey*, for the defendant.

*Benedict & Belknap*, for the plaintiff.

*By the Court*, Bronson, Ch. J. The replication is framed partly on the second, and partly on the fourth section of the bankrupt act ; and the first question made at the bar is, whether the discharge can be impeached for the preferences among creditors, and the other payments and transfers of property, made in contemplation of bankruptcy, which are forbidden by the second section of the act. I think it may. The discharge of a bank-

rupt may be impeached " for some *fraud*, or wilful concealment by him of his property, or rights of property."   (§ 4.)   " Fraud" is a very comprehensive term, and I cannot doubt that it includes those " unlawful preferences," payments and transfers of property which the statute declares " utterly void and a fraud upon this act."   (§ 2.)   It is true that the section goes on to provide, that " the persons making such unlawful preferences and payments shall receive no discharge ;" and this, it is said, is the only penalty.   It is of course the only penalty where a discharge is denied.   But here a discharge has been granted. That does not obliterate the fraud : it still remains, and may, I think, be set up as an impeachment of the discharge.   The fourth section denies a discharge to a bankrupt who shall be " guilty of any fraud, or wilful concealment of his property," and yet the same section provides, that the discharge may be impeached for fraud, or wilful concealment of property.   This shows that the same matter—so far as relates to fraud and concealment—may be set up in answer to the discharge when granted, that might have been successfully urged against the bankrupt's application.

The discharge is made conclusive evidence in favor of the bankrupt, unless impeached for some fraud &c. " on prior reasonable notice specifying in writing such fraud or concealment." (§ 4.)   The replication commences with a general allegation that the defendant was guilty of fraud, and of wilful concealment of his property ; and then goes on to make three several specifications applicable to one branch or the other of the general allegation.   The two first specifications relate to unlawful preferences, payments and transfers of property, and are made in support of the general charge of fraud ; and the third specification relates to the concealment of property.   The first specification is as follows :  " in having, after the passage of said act, made payments *or* agreements, conveyances *or* transfers of property, in contemplation of bankruptcy, for the purpose of giving creditors, sureties, or endorsers of said defendant, or some other person, a preference or priority over the general creditors of said defendant."   The charge is in the alternative, that the defendant

did one or the other of four things; but which one of the four no one can tell. There is no description of the property, said to have been transferred, either as to kind or quantity; nor does it appear to whom the property was conveyed; nor what creditors, sureties, endorsers, or other persons, were preferred over the general creditors of the bankrupt. The specification is nearly in the words of the statute, and is quite too general to inform the defendant what charge he must be prepared to repel on the trial. (*Service* v. *Heermance*, 2 *John. R.* 96.) If the plaintiff knows that there were any unlawful preferences in contemplation of bankruptcy, he can specify what in particular they were. If he has no such knowledge, this is then a mere fishing suit, which deserves no encouragement.

The second specification is not open to so many objections. The property or merchandize which the defendant is charged with having conveyed and transferred is sufficiently described. But no mention is made of the persons, or any of them, to whom the conveyances and transfers were made. I think this should have been done. The defendant should be fairly apprized of the proof which he may expect to meet on the trial. If the property was sold by retail, or at auction, in small quantities, it would not be necessary to give the names of all the purchasers; and possibly the specification would be good without giving any of them. But then the pleading should state the necessity for omitting to give the names. I think this part of the replication is also bad.

The third specification is for concealing his property, or right of property, in a library of books, and in certain articles of merchandize; and the first objection is, that there is no charge of a "*wilful* concealment." (§ 4.) But the specification must be read in connection with the general allegation in the commencement of the pleading, where the charge is, that the defendant was guilty of wilful concealment.

In addition to what is said about the library of books and certain articles of merchandize, which are sufficiently described, the defendant is charged with concealing " other property of considerable value," without any description whatever, either as

Brereton *v.* Hull.

to kind or quantity. This is clearly bad. But it will not vitiate the whole specification. The defendant should not demur; but should object on the trial to any evidence which may be offered under the general words which have been mentioned.

There is one objection to this specification which I think well taken. The defendant is charged, in general terms, with concealing his property, without stating how, or in what manner the concealment was effected, or when, or in what stage of the proceedings it occurred. As a voluntary bankrupt the defendant was required to present, with his petition, an accurate inventory of his property, rights and credits, and the location and situation of each and every parcel and portion thereof. (§ 1.) And he was afterwards subject to examination on oath before the court or a commissioner, in relation, among other things, to his property and rights of property. (§ 4.) The specification may mean, that the defendant concealed the property by omitting to mention it in the inventory, or that he concealed it in his subsequent examination before the court or commissioner; it may also mean, that the concealment was by secreting the property so that the assignee in bankruptcy could not find it. The plaintiff must be more particular in his allegations, and tell us what he means by concealment; otherwise we cannot say that the replication contains a good answer to the plea; nor will the defendant have " reasonable notice" of what may be urged on the trial.

The replication is loosely drawn in other respects; but it is enough that it is bad for the reasons which have been mentioned.

Judgment for defendant.