## John P. Beekman *vs.* George Wilson.

When a note is indorsed in blank, an action in the name of a third person may be maintained against the indorser, for the benefit of the indorsee, with his consent.

Under the fourth section of the United States bankrupt act of 1841, a discharge of a bank rupt, when it is set up as a bar to an action against him, may be impeached and avoided by proof of his having given to one or more of his creditors a preference, which the second section declares to be a fraud upon that act.

Certain creditors of a bankrupt, who had proved their claims against him, opposed his discharge, and an issue was framed and tried in the district court of the United States, involving the question whether the bankrupt had been guilty of any fraud or wilful concealment of his property, or had preferred any of his creditors, contrary to the provisions of the bankrupt act; the jury returned a verdict in his favor, and the court granted a discharge and certificate : Afterwards, a creditor, who did not prove his claim under the proceedings in bankruptcy, nor appear before said court to oppose said discharge, brought an action against the bankrupt, who set up said discharge as a bar.  *Held*, that the verdict was not conclusive against the plaintiff, and that he might impeach and avoid said discharge, by evidence that the defendant had preferred one creditor to another, contrary to the provisions of the bankrupt act.

Assumpsit on the following note : " Lee, October 9th 1841. Ninety days after date, for value received, I promise to pay to the order of John Baker five hundred dollars, at the Kinderhook Bank. George Wilson." The note was indorsed in blank by said Baker and by M. D. Field. The plaintiff described himself as " president of the Kinderhook Bank." The defendant pleaded the general issue, and relied on a discharge under the United States bankrupt act of 1841.

 At the trial in the court of common pleas, before *Washburn,* J. the defendant objected to the maintenance of this action in the plaintiff's name, because the note declared on was the property of the Kinderhook Bank ; and the plaintiff thereupon admitted that the note was discounted by said bank for the defendant, and that it was ever afterwards, and at the commencement of this action, the property of said bank. The defendant admitted that the note was brought into this county, by the cashier of said bank, and delivered to an attorney with directions to sue it in the name of the plaintiff, as president of the bank ; and that the action was commenced, and had been carried on, under this authority and direction.

The plaintiff produced a statute of New York, passed in

1838, which provides, among other things, that "all suits, actions and proceedings, brought or prosecuted by or in behalf of such association," (free bank,) "may be brought or prosecuted in the name of the president thereof." And it was admitted that the Kinderhook Bank was organized and wen. into operation under this statute, and that the plaintiff was president of that bank.

The judge, being of opinion that if said statute did not authorize the commencement of the action, in this State, in the name of the president, yet that the evidence showed that he was so far the holder of the note as to authorize him to bring the action, overruled the objection.

The defendant then gave in evidence a certificate of discharge under the United States bankrupt act. Thereupon the plaintiff (having previously given the defendant notice) offered to impeach said discharge, on the ground of a wilful concealment of property, and a fraudulent preference of certain creditors. The defendant objected to the admission of this evidence, and denied its competency, because, in a hearing before the district court of the United States, upon objections there made, by certain creditors of the defendant, to the granting of said discharge, an issue, involving the same questions now offered to be tried, was framed and tried by a jury, and a verdict was thereupon found for the defendant; and the defendant produced in evidence a copy of the record of said proceedings in the district court, and also of the notice of the pendency of said proceedings, published by order of said court. But it was admitted, that neither the present plaintiff, nor any holder of the note in suit, ever proved any debt against the defendant, in bankruptcy, or had any notice of the issue and trial aforesaid, except the constructive notice arising from the publication of the same, as aforesaid, and the facts, that the plaintiff's attorney in this action was of counsel for the creditors who opposed said discharge, and that the present action was pending at the time of the said hearing before the district court. The judge overruled the objection, and admitted the evidence.

The evidence showed that the defendant, before his bankruptcy, was a manufacturer of paper and had a grocery store in Lee ; that between the 12th of March 1842 and the time when he made his application in bankruptcy, viz. August 17th 1842, he paid certain debts.   The evidence also tended to show that the defendant was actually insolvent on said 12th of March; that he then stopped his accustomed business, and went into the employment of one Sturgis, who became a receiptor for the property attached in this suit, and afterwards undertook to carry on the paper mill which was before occupied by the defendant, and hired the defendant to superintend it.

The judge instructed the jury, that " if the defendant, knowing his own actual insolvency, and believing that he could not proceed in business, did, in view of that state of things, and for the purpose of giving preference to one or more creditors and preventing an equal distribution of his estate among his creditors, convey or transfer any estate to such preferred creditors, it was a fraud upon the bankrupt act and avoids his discharge ; that it was not necessary that there should have been an intention then formed, or existing at the time of making such preference, to avail himself of the benefits of said act ; and that he need not have been guilty of moral turpitude, in order to constitute such preference a fraud under said act."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the judge's rulings and instructions.

*Bishop & Byington*, for the defendant.

*Porter*, for the plaintiff.

The opinion of the court was delivered at September term 1846.

DEWEY, J.   It is no sufficient objection to maintaining this action, that the plaintiff on the record is not the party beneficially interested, and, as such, entitled to retain the avails of the judgment for his personal benefit.   That privity of contract, which is required in the action of assumpsit, is sufficiently shown in the case of a negotiable note payable to the

order of the promisee and indorsed by him in blank, when an action is instituted in the name of the holder of such note, who came into the possession of it with the assent of the party in interest, and the suit is really prosecuted for the benefit of such party, and without any objections interposed by him. In such cases, the maker of the note cannot object merely to the want of interest, or privity of action, on the part of the plaintiff. This seems to be well settled by the cases of *Little* v. *Obrien,* 9 Mass. 423 ; *Brigham* v. *Marean,* 7 Pick. 40 ; *Dean* v. *Hewit,* 5 Wend. 257 ; *Gage* v. *Kendall,* 15 Wend. 640 ; and *Guernsey* v. *Burns,* 25 Wend. 411. This rule of law, so well established, sufficiently answers the first objection taken to the action, and renders it unnecessary to consider the effect to be given in Massachusetts to the statute of New York, which gives, in direct terms, authority to the president of a banking association, like that of the Kinderhook Bank, to institute actions in his name upon demands due to the bank. Whether such statute could have any force and effect beyond the territorial limits of the State of New York would be questionable.

Assuming the action to be properly instituted in the name of the plaintiff, it is further objected, that the cause of action has been discharged by a certificate of discharge duly given under the late bankrupt law. *United States St.* 1841, *c.* 9. That such discharge was given is conceded ; but the plaintiff would avoid its effect by showing fraudulent preferences, made by the defendant in behalf of certain creditors, in violation of the provisions of the bankrupt act. The defendant objects to this evidence as incompetent ; 1st, because the same matter was put in issue by the creditors of the defendant, upon his application for a certificate of discharge, and upon a hearing thereupon, the decision being against the creditors, and a discharge having been granted, the matter is *res adjudicata,* and no longer open ; and 2d, that the evidence, if admissible, is insufficient to invalidate the discharge, it not showing such a fraud as will, under the provisions of the bankrupt act, avoid the certificate of discharge.

37 *

As to the first of these objections, it seems to us that the proceedings by the creditors under the provisions of the second section of that act, which authorizes them to interpose objections to the granting of the discharge and the issuing of the certificate, are in no respect a bar to setting up fraud in avoidance of the discharge under the authority given by the fourth section. Both modes of proceeding are authorized by the statute, and the creditors may avail themselves of one or the other, or of both, as they may deem expedient. The purpose of the bankrupt law is answered, so far as it looks to the case of the debtor, if honest debtors, acting in accordance with the principles of fair dealing and the equal distribution of their assets among all their creditors, are secured in the full enjoyment of the benefits of a discharge. As to such debtors, these objections, whether interposed before or after granting their discharge, will be wholly unavailing. As to fraudulent debtors, and those who would designedly violate the great principles of the bankrupt code, the statute may properly be 'iberally construed in favor of creditors, and to defeat unjust preferences. In the opinion of the court, the statute fully warrants the plaintiff in taking these objections in avoidance of the discharge, notwithstanding other creditors may have relied upon the same acts as a ground of opposition to the granting of such discharge originally. The further inquiry is, whether the facts shown in evidence are such as will, unde. the provisions of the fourth section of the statute, avoid the discharge after the issuing of the certificate. The case presents no difficulty upon the point whether a state of bankruptcy had occurred when these preferences were made. Here was not only an actual insolvency, but a discontinuance of business, by reason of such insolvency. It was not a case of payment made under the hope of continuing in business and discharging all his liabilities; but a case of conveyance made by the debtor with full knowledge of his insolvency, and after suspension of business, with the purpose of giving a preference. These facts must be considered as found by the verdict, and are quite sufficient to bring the case within the

second section of the act. *Arnold* v. *Maynard,* 5 Law Reporter, 296, and 2 Story R. 349. *Hutchins* v. *Taylor,* 5 Law Reporter, 289. Had these facts been established before the district court, on the hearing there, no discharge would have been granted to the defendant.

But the defendant contends, that making payments and giving preferences to particular creditors, in contemplation of bankruptcy, although they might have defeated his application for a discharge, if they had been shown at the proper time, yet furnish no sufficient ground for avoiding a discharge when granted. The argument rests upon a supposed distincticn in the provisions of the second and fourth sections ; the defendant contending, that acts of preference to particular creditors, in contemplation of bankruptcy, are not included in the acts described in the fourth section as those that may be given in evidence in avoidance of a discharge which has been granted ; and that the certificate of discharge is, notwithstanding such preference, to be held a valid and effectual bar. The language of the section is, "such discharge and certificate shall be conclusive evidence, of itself, in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him of his property or rights of property as aforesaid, contrary to the provisions of this act."

The position taken for the defendant, that the fraud here referred to is fraud at the common law exclusively, is not the true construction of the statute ; but, on the contrary, all those acts, described in the second section as frauds upon the bankrupt act, are embraced in the provisions of the fourth sec tion, which declares the causes by reason of which the discharge may be avoided. This construction seems to be entirely in accordance with the purposes of the act, and fairly within its language. It is in conformity with the decision of *Brereton* v. *Hull,* 1 Denio, 75, where it was held that the same matter may be set up in avoidance of the discharge, that might have been insisted upon against the application for such discharge. See also *Miller* v. *Black,* 1 Barr, 420. These acts

would, under the English decisions, be held frauds upon the bankrupt system ; and much more so should they be so held under ours, the second section of our statute declaring them to be " a fraud upon the act." They are therefore to be considered as embraced in the provisions of the fourth section, and when established by the proper proof, they are a good' and sufficient answer to the certificate of discharge.

We think, therefore, that the ruling of the presiding judge was correct, and the discharge properly avoided by the facts found by the jury.

*Exceptions overruled*