Mr. Justice Smith
delivered the opinion of the court.
This was an action commenced in the circuit court of Clarke on the promissory note of defendants in error, made payable to the president of the board of police of said county and his successors in office. The defendants pleaded that the consideration of the note was a portion of the three per cent, fund belonging to said county, loaned by the president of the board of police to Henry Vance, the principal in said note; and averred “ that the said president of the board of police had no authority in law to loan the said three per cent, fund.” The plaintiff’s demurrer to this plea was overruled, aud judgment final rendered for the defendant. The propriety of the decision of the court on the demurrer presents the only question in the case.
*410 This three per cent, fund, by the statute of 1836, was distributed amongst the several counties, and placed in the custody and under the control and management of the boards of police. Hutch. Dig. 141. By the 5th section of this statute, it was provided that this fund, or the interest thereof, should be applied to the opening of roads and canals by the several boards of police in this state. By the dedication of this fund to these objects, and the appointment of the boards of police to superintend its disbursement, with a discretionary authority to expend the fund itself or the interest arising therefrom, it is obvious that, according to the principles laid down in Commissioners of the Sinking Fund v. Walker et al., 6 How. 184, a public trust was created, and the boards of police constituted trustees for their respective counties. By the act, it was left discretionary with the board whether any of the principal of the fund should be expended, and the “interest arising therefrom” could not be applied, because it could not exist unless the fund were put at interest. By the act of 1837, 3d sect., (Hutch.’ Dig. 713,) the board of police of each county, having a surplus fund after constructing the necessary public buildings, &c., is authorized to invest such surplus in such stocks: as it may deem advisable for the common benefit of the county. It is evident, from these directions of the law, that the legislature did not intend that either the three per cent, or any other surplus fund belonging to the counties should remain idle and unproductive, but that the surplus funds of the counties, or funds not immediately required for public expenditure,.should be administered by the boards of police. In other words, that they should be profitably employed, either by investment in stocks, or in the shape of loans, at the discretion of the members of the respective boards of police. On the authority of the case in 6 How. 184, before cited, the power granted in reference to these funds, clearly implies the authority to lend. In that case the provision of the charter of the Planters’ Bank, directing that the surplus dividends arising on the stock of the state in that bank, should constitute a sinking fund for the redemption of the state bonds, and placing it under the “management of the auditor and president and *411 cashier of the bank,” was held by this court, to vest them with the power to loan said fund. The reasons which sustain the judgment in that case, apply with equal if not greater force to the question under examination.
But it is insisted that the boards of police are to be regarded in the character of corporations, hence that they can exercise no power or authority which is not plainly granted by the law. If it were conceded that they are corporations, and subject to the principles which apply generally to institutions of that description, the objection would not be available in this suit. There is no pretence that the consideration of the note is illegal,, or that the contract is void, as being opposed to the public policy. The objection is based exclusively on an assumed want of power in the board of police of Clarke county to lend the money belonging to this fund.
The distinction is obvious between a contract by a corporation, made in reference to a subject lying entirely without the range of the objects for which its powers were granted, and an irregular or illegal exercise of a right conveyed by its charter. If a corporation make a contract entirely foreign to the purposes of its institution, the act is void, simply for want of power in reference to the subject-matter. 7 How. 532. But where a corporation enters into a contract in reference to a subject embraced within the scope of its granted powers, but in so doing exceeds them, the contract will not thereby be rendered void. It might constitute a ground for the resumption of its franchises by the state, but could not be objected by the party sought to be charged. 8 Wheat. 353; The Banks v. Poitaux, 3 Rand. 136; 16 Mass. R. 103; Commercial Bank of Manchester v. Nolan, 7 How. 508; Little v. O'Brien, 9 Mass. 423 ; 4 J. Ch. R. 370 ; 7 S. & M. 697.
By the statutes of 1836 and 1837, the boards of police were vested with the power to administer the three per cent, fund, or any surplus fund belonging to their respective counties. And it seems to have been the intention of the legislature that they should be so managed or administered as to produce profits in the shape of interest or dividends on stock. They were ex *412 pressly authorized to vest any surplus money which they may have in charge belonging to the counties in stock, and they were empowered, at their election, to expend the three per cent, fund, or the interest arising therefrom, in the construction of roads and canals. We have above shown that the several boards of police were, by the law, constituted trustees for the management of that fund, and that the authority to manage implied the power to lend them. But were it conceded that this power was not implied, the act of loaning upon a contract for that purpose would be but an excusing of the power to manage, an irregular, at most an illegal exercise of a privilege acknowledged to exist; an act of which the state would have a right to complain, but which would not furnish a ground on which the borrower could evade a repayment of the money.
The suit was properly brought in the name of the president of the board, as the note was made payable to him and his successors in office. 8 Cranch, R. 30; Buffum v. Chadwick, 8 Mass. R. 103.
The judgment must be reversed, and cause remanded for further proceedings in the court below.