Caryl *v.* Russell.

————•◆•————

CARYL *vs.* RUSSELL.

The giving of preferences, and making payments, by a debtor, in contemplation of bankruptcy, although a fraud upon the bankrupt act, which would prevent the issuing of the certificate of discharge, cannot be set up to impeach and avoid the certificate, after the same has been granted.

*Brereton* v *Hull,* (1 *Denio,* 75,) disapproved, and *The North Am. Fire Ins. Co.* v. *Graham,* (5 *Sandf.* 198,) approved, and followed.

APPEAL from a judgment rendered at a special term. The reporter has not been furnished with any papers, to enable him

to make a fuller statement of the facts than that contained in the opinion of the court.

*Cutler Field,* for the plaintiff.

*H. Lathrop,* for the defendant.

*By the Court,* MASON, J. The question presented for consideration in this case is, whether the giving of preferences and making payments to particular creditors by a debtor, in contemplation of bankruptcy, can be set up to impeach and avoid the bankrupt's certificate of discharge, after the same has been granted. The determination of this question involves the construction which is to be given to the second and fourth sections of the act of congress, entitled "*An act to establish a uniform system of bankruptcy throughout the United States,*" passed August 19, 1841; and I feel constrained to say, after a careful examination of the act, that it does not seem to me that there are any such ambiguities in this statute as should lead the judicial tribunals of our country to disagree as to its construction; and yet, such has been the case. The opinion was expressed by this court in the case of *Brereton* v. *Hull,* (1 *Denio,* 75,) that the bankrupt's certificate might be avoided by establishing the fact that the bankrupt had, in contemplation of bankruptcy, made payments, and transfers of property, giving preferences amongst his creditors. The same doctrine was affirmed by the supreme court of Massachusetts in the case of *Beekman* v. *Wilson,* (9 *Metcalf,* 434, 439,) upon the authority of *Brereton* v. *Hull.* And these cases are again affirmed and approved by that court in the case of *Cales* v. *Blush and others,* (1 *Cush.* 564, 570, 571.) The superior court of the city of New-York, in the case of *The North American Fire Insurance Co.* v. *Graham and others,* (5 *Sandf.* 198,) after bestowing the most deliberate consideration upon this statute, have arrived at a different conclusion as to the construction to be put upon this act. I think that court has put the true construction upon the act, and have vindicated their

Caryl *v.* Russell.

decision with convincing reasons. I do not think that we are foreclosed from considering this question in this court, upon the doctrine of *stare decisis*, on the authority of the case of *Brereton* v. *Hull*. That case came before the court upon a demurrer to the replication, which relied upon preferences made by the bankrupt, in contemplation of bankruptcy, to avoid the discharge set up by the defendant in his plea, and the court gave judgment for the defendant upon the demurrer, on the ground that the replication was not sufficiently specific in setting up the facts required to avoid the discharge. The judgment of the court, therefore, can hardly be said to have been given wholly upon this point. The second section of the bankrupt act declares, that "all future payments, securities, conveyances or transfers of property or agreements, made or given by any bankrupt in contemplation of bankruptcy, and for the purpose of giving any creditor, indorser, surety, or other person any preference, or priority over the general creditors of such bankrupt, and all other payments, securities, conveyances, or transfers of property or agreements made or given by such bankrupt, in contemplation of bankruptcy, to any person or persons whatever, not being a bona fide creditor or purchaser for a valuable consideration, without notice, shall be deemed utterly void, and a fraud upon this act; and the assignee under the bankruptcy shall be entitled to claim, sue for, recover and receive the same as a part of the assets of the bankruptcy, and the person making such unlawful preferences and payments, shall receive no discharge under the provisions of this act." (*5th vol. U. S. Statutes at Large, p.* 442.) And by the 4th section of the act it is provided, that if any such bankrupt shall be guilty of any fraud or willful concealment of his property, or rights of property, or shall have preferred any of his creditors, contrary to the provisions of this act, or shall willfully omit or refuse to comply with any orders or directions of such court, or to conform to any other requisites of this act, or shall, in the proceedings under this act, admit a false or fictitious debt against his estate, he shall not be entitled to any such discharge or certificate; nor shall any person being a merchant, banker, factor,

Caryl v. Russell.

broker, underwriter or marine insurer, be entitled to any such discharge or certificate who shall become bankrupt and who shall not have kept proper books of account, after the passing of this act, nor any person who after the passing of this act shall apply any trust funds to his own use. (5 *U. S. Statutes at Large*, 443, 444.) This section further declares, that such discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence, of itself, in favor of such bankrupt, *unless the same shall be impeached for some fraud or willful concealment by him of his property, or rights of property*, as aforesaid, contrary to the provisions of this act, on prior reasonable notice specifying in such writing such fraud or concealment. (*Id*. 444.) These provisions of the act seem to me to be clear and unambiguous. The legislature has specified what shall prevent the granting and issuing of the certificate of discharge, and what shall be required to invalidate or set it aside, when granted. If it shall appear to the court that the bankrupt has been guilty of any fraud or willful concealment of his property, or rights of property, or shall have preferred any of his own creditors contrary to the provisions of the act, or shall willfully omit, or refuse, to comply with any orders or directions of such court, or to conform to any other requisites of this act, or shall, in the proceedings under this act, admit a false or fictitious debt against his estate, the court shall not grant the certificate of discharge. If the certificate shall be granted, and it shall be made to appear that such bankrupt was guilty of fraud or willful concealment of his property, or rights of property, this shall avoid the certificate, wherever the bankrupt may set it up. The expression, fraud, or willful concealment of property, is the same in both sections of the statute, and in both places used in the fourth section. It is precisely the same in that part indicating the grounds of objection which shall prevent the discharge, as it is in that part specifying what

Caryl *v.* Russell.

shall avoid it when granted. Now, it seems to me, that upon no known rule of construction can it be said that the expression, *"fraud or willful concealment of property,"* includes all the other specifications of objection which may be raised to the granting the certificate of discharge under this statute. If so, then it follows that the legislature have used all the subsequent specifications to no purpose or effect, as they do not in any manner add to, or enlarge, the scope of the statute, or give to it any extended effect whatever. It is hardly reasonable to suppose that the framers of a statute have used language to no effect, or which conveys no meaning whatever. It is a familiar rule that a statute is its own best expositor, and in construing it, the whole act and all its parts are to be considered; (*Smith's Com. on Statute Construction, p.* 647, § 501;) and that the statute should be so construed that if possible no clause, sentence or word will be superfluous, void or insignificant. (*Id. p.* 673, § 258. *James* v. *Dubois,* 1 *Harr.* 285. 2 *Black. Com.* 380. *Den* v. *Schenck,* 2 *Halst.* 34. *Den* v. *Clarke, Cox's R.* 359.) If we limit the expression, *"fraud or willful concealment"* of property, to cases of actual fraud at common law, as I have no doubt the legislature intended to limit them, the other specifications will not be superfluous, or insignificant, but they will be effective in the statute. A preference given to a particular creditor, by a failing and insolvent debtor, has never been considered a fraudulent act, upon the principles of the common law; on the contrary, the act is lawful, in the light of those principles. Neither is an omission or refusal to comply with an order of the court deemed a fraudulent act, in many cases; nor is the omission of a banker, broker, &c., to keep proper books of account of his transactions, necessarily considered a fraud, at common law. I am of opinion, therefore, that the word *fraud,* as used in the connection in the statute, is used in its primary sense, and which is defined to be deceit, deception, trick or artifice, by which the rights or interests of another are injured. This is the common law definition of this term, and is the sense in which the word is generally understood in common parlance, and which is the rule of construction that should

govern, unless a contrary intent most plainly appears from the act. (*Smith on Statute Law, p.* 629, § 481.) Such being the sense in which this expression is used in the foregoing part of the section, indicating one of the grounds of objection to the discharge, the expression should undoubtedly receive the same construction in the subsequent part of the section, as there is nothing in the statute indicating a different intent. If a statute makes use of a word, in one part of it, susceptible of two meanings, and in another part it is used in a different sense, it is to be understood throughout in the latter sense, unless the object to which it applies, or the connection in which it stands, require it to be differently understood in the two places. (*Smith on Statute Law, p.* 673, § 528.) Such being the construction which we are to put upon this act, it follows, of course, that the giving of preferences, although a fraud upon the bankrupt act, which would prevent the issuing of the certificate, yet it cannot be allowed to set it aside when granted. I am of opinion, therefore, that the judgment should be reversed, and a new trial ordered; costs to abide the event.

[MADISON GENERAL TERM, September 12, 1854. *Gray, Shankland* and *Mason,* Justices.]