CARYL *against* RUSSELL.

Payments and transfers of property made by the bankrupt after the passage of the bankrupt act of August 19th, 1841, in contemplation of bankruptcy and for the purpose of giving some of his creditors a preference or priority over the others, will avoid his discharge when set up as a bar to an action upon a prior demand.

Accordingly, where the defendant gave in evidence his discharge granted upon his petition therefor, filed in November, 1842, in bar of an action for a previous debt, and the plaintiff, to avoid it, offered to prove that during the fall of 1841, and in January, 1842, the defendant being insolvent, made transfers of his property to certain of his creditors in payment of their debts in contemplation of bankruptcy, and for the purpose of giving them a prefer

[1] See *Smith* v. *Gage*, 41 Barb. 60.   *Bennett* v. *Buchan*, 61 N. Y. 222 ; s. c. 53 Barb. 578.

Caryl *against* Russell.

ence and priority over his other creditors, which he fraudulently concealed from the court granting the discharge; *Held*, that the evidence was competent and sufficient to avoid the discharge.

Caryl *v.* Russell, 18 Barb. 429, reversed, and North Am. Fire Ins. Co. *v.* Graham, 5 Sandf. 197, overruled.

ACTION in the supreme court commenced in 1849, upon a judgment recovered by the plaintiff against the defendant in the court of common pleas for Otsego county, on the 28th of June, 1842, for over three thousand dollars. The defendant by his answer, admitted the recovery of the judgment; and in bar of the action set up his discharge as a bankrupt under the general bankrupt act of August 19th, 1841. The answer alleged that the defendant presented his petition, praying to be declared a bankrupt and to be discharged from his debts, to the United States district court for the southern district of New-York, on the 18th of November, 1842; and that his discharge was granted on the 8th of June, 1843. In reply to the answer, the plaintiff alleged that the discharge in bankruptcy was not duly granted, but was fraudulently procured by the defendant and that it was fraudulent and void, and in support thereof stated the following facts: That in September, 1841, the defendant was a merchant in Otsego county, largely indebted and insolvent. On the 18th of that month he confessed a judgment to his father and another person for over $2,000 which he owed them, upon which execution was immediately issued with his consent and his property taken and sold; and that he turned out his choses in action and paid over money voluntarily to be applied on the judgment. On the 30th of the same month he conveyed real estate of the value of $3,000 to one Graves in payment or to secure a debt he owed him. That in December, 1841, and in January, 1842, he conveyed other parcels of real estate owned by him to his father, to pay or secure debts he owed to the latter. That said judgment was confessed and the choses in action and money of the defendant applied thereon by him, and his property voluntarily permitted by him to be seized and sold thereon,

and each of said conveyances of real estate was made by him voluntarily when he was insolvent and unable to pay his debts, in contemplation of bankruptcy and total insolvency, and for the express purpose of giving the persons to whom said judgment was confessed and the parties to whom said conveyances were made, preference and priority over the general creditors of the defendant. That the defendant fraudulently concealed the facts above stated from the U. S. court and in his proceedings therein, to obtain his discharge.

The action was tried at the Otsego county circuit in June, 1853, before Mr. Justice Gray. The amount of the judgment mentioned in the complaint was proved; and the defendant read in evidence his petition to be declared a bankrupt, the proceedings thereon and his discharge from his debts as set out in the answer. The plaintiff, for the purpose of avoiding the discharge, offered to prove the facts stated in his replication. The evidence was objected to as immaterial and irrelevant and not sufficient, if proved, to avoid the discharge. The court sustained the objection and excluded the evidence, and the counsel for the plaintiff excepted. The jury thereupon, by the direction of the court, rendered a verdict in favor of the defendant. Judgment was perfected on the verdict and affirmed by the court at a general term in the 6th district. The plaintiff appealed to this court.

*J. A. Spencer*, for the appellant.

*L. Tremain*, for the respondent.

DEAN, J. The question to be decided is whether the facts set up in the replication, if proved, would avoid the discharge. It is admitted on both sides that these facts, if proved on the application for a discharge, would have prevented the debtor from obtaining it. It must also be conceded that any means by which a debtor in contemplation of bankruptcy, succeeds in effecting a preference among his

Caryl *against* Russell.

creditors, is a fraud upon the bankrupt act, and that the whole theory of the law is equality of distribution of a bankrupt's estate. That portion of the 2d section of the act which relates to the question now to be decided is: "All future payments, securities, conveyances or transfers of property, or agreements made or given by any bankrupt in contemplation of bankruptcy, and for the purpose of giving any creditor, endorser, surety or other person any preference or priority over the general creditors of such bankrupt; and all other payments, securities, conveyances or transfers of property, or agreements made or given by such bankrupt in contemplation of bankruptcy, to any person or persons whatever, not being a *bona fide* creditor or purchaser for a valuable consideration without notice, shall be deemed utterly void and a fraud upon this act; and the assignee under the bankruptcy shall be entitled to claim, sue for, recover and receive the same, as a part of the assets of the bankrupt; and the person making such unlawful preferences and payments, shall receive no discharge under the provisions of this act. " (5 *U. S. Stat. at large,* 442.) It will be seen by this, that all future payments, conveyances or transfers of property made by a bankrupt in contemplation of bankruptcy, and for the purpose of giving any person a preference or priority, are utterly void and a fraud upon the act; that the assignee may sue for and recover the same as a part of the assets, and the person guilty of these acts shall receive no discharge. And by the 4th section of the act, it is provided "that if any such bankrupt shall be guilty of any fraud or willful concealment of his property, or rights of property, or shall have preferred any of his creditors contrary to the provisions of this act, or shall willfully omit or refuse to comply with any order or directions of such court, or to conform to other requisites of this act, or shall, in the proceedings under this act, admit a false or fictitious debt against his estate, he shall not be entitled to any such discharge or certificate; nor shall any

person being a merchant, banker, factor, broker, underwriter or marine insurer, be entitled to any such discharge or certificate who shall become bankrupt, and who shall not have kept proper books of account after the passing of this act ; nor any person who, after the passing of this act, shall apply any trust funds to his own use. " (5 *U. S. Stat. at large*, 443, 444.) This section further provides that such discharge and certificate, when duly granted, shall in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are provable under the act, and shall be and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself in favor of such bankrupt, *unless the same shall be impeached for some fraud or willful concealment by him of his property, or rights of property*, as aforesaid, *contrary to the provisions of this act*, on prior reasonable notice, specifying in writing such fraud or concealment. (*Id.*, 444.)

The portion of the 4th section above quoted, declares that if the debtor is guilty of fraud or willful concealment of his property, or shall have preferred any creditor contrary to the provisions of the act, &c., he shall not be entitled to his discharge. It then declares that the discharge, when granted, is final and conclusive in every court, " unless the same shall be impeached for some fraud or willful concealment by him of his property as aforesaid, *contrary to the provisions of this act*. "

The supreme court of this state in the case of *Brereton* v. *Hull* (1 *Denio*, 75), held that preferences made to creditors in contemplation of bankruptcy, were good cause for impeaching the discharge ; in other words, that the fraud contemplated by § 4 as the ground for impeaching a discharge, is not limited to cases of actual fraud by the preceding portion of the section, which in addition to fraud and concealment of property as grounds for refusing the discharge, enumerates preferences of creditors and other causes.

Caryl *against* Russell.

The superior court of New York, in the case of the *North American Fire Ins. Co.* v. *Graham* (5 *Sandf. S. C.* 197), has held the reverse. And the supreme court in the case at bar, agrees with the construction of the superior court.

It is not disputed that fraud may be alleged and proved in avoidance of the discharge; but it is said that a preference given by the bankrupt to any of his creditors is not fraud, because that is in some instances fair and honorable. I do not see that it is necessary to controvert this position, in order to decide the question now before us, because the replication does not aver a preference or priority merely given by the bankrupt to some of his creditors. But it avers such a preference and priority given after the passage of the act in *contemplation of bankruptcy*. Now such a preference is declared to be a fraud upon the act, and the discharge " may be impeached for some fraud contrary to the provisions of the act. " What else is preference or priority mentioned in the replication, but a fraud " contrary to the provisions of the act. " Indeed the 2d section makes all such preferences and priorities not only void, but a fraud upon the act. How can they be declared void unless they are fraudulent; and how can such acts be deemed " a fraud upon the act" without being at the same time a " fraud contrary to the provisions of the act ? " The error of the superior court, and of the supreme court in this case is in leaving out in their interpretation, a portion of the sentence which declares what may be alleged to impeach the discharge, and then holding that the fraud contemplated by the act, must be some criminal act and not a legal fraud merely. I do not think the act of congress is susceptible of any such interpretation; and am of opinion that the judgment should be reversed and a new trial ordered.

All the judges, except CRIPPEN, J., who being a relative of one of the parties took no part in the decision, concurred.

Judgment accordingly.